UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL CIRA,

                Plaintiff,

v.                                                            Case No. 22-cv-0071-bhl

BOSTON SCIENTIFIC CORPORATION,

                Defendants.

## ORDER GRANTING MOTION TO DISMISS

      On October 11, 2021, Plaintiff Carl Cira filed this products liability lawsuit against Boston Scientific Corporation (Boston Scientific) and ABC Insurance Company in Milwaukee County Circuit Court. (ECF No. 1 at 7.) Boston Scientific later removed the case to this Court and immediately moved to dismiss the complaint. (ECF Nos. 1 & 2.) Plaintiff responded by amending his complaint to allege a single count of negligence in manufacturing against Boston Scientific and dropping his claims against the fictitious insurer defendant. (*Compare* ECF No. 1 at 12–15 *with* ECF No. 13.) Boston Scientific has since renewed its motion to dismiss. (ECF No. 14.) Because the allegations of the amended complaint confirm that Cira's complaint is untimely, the motion will be granted and the complaint dismissed.

### BACKGROUND[1]

      On May 16, 2018, Cira sustained serious injuries from a car accident that he contends was caused by the failure of a cardiac stent manufactured by Boston Scientific. (ECF No. 13 at 2.) Cira received the stent as part of a medical intervention intended to "prevent or ameliorate cardio-vascular disease," but claims it "failed," causing "a blockage in blood flow to the brain" and, ultimately, his crash. (*Id.*) Cira had other stents in addition to the one that failed, and "at least one" of those other stents had been "structurally compromised before the normal time for replacement." (*Id.*)

---

[1] The Background is derived from Cira's amended complaint, ECF No. 13, the allegations in which are presumed true for the purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

Sometime after receiving the stents, Cira had emergency bypass surgery during which all of his stents were removed. (*Id.*) Cira alleges he became aware of the extent of the damage the Boston Scientific stent had caused when, in July 2018, a doctor explained that the damage to his brain was permanent. (*Id.* at 3.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roberts*, 817 F.3d at 564-65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

Cira alleges that Boston Scientific's stent was defective and that Boston Scientific breached a duty of care in manufacturing the stent. (ECF No. 13 at 2, 4.) He further alleges that the stents are "most likely . . . Class III" medical devices, therefore carrying "the highest level of regulatory control," and were not manufactured according to these federal Food and Drug Administration (FDA) requirements. (*Id.* at 3.) Boston Scientific seeks dismissal of this claim on grounds that Cira's claim is not properly pleaded under Fed. R. Civ. P. 8(a)(2) and time-barred under Wis. Stat. Section 893.54.[2] (ECF No. 15 at 3–4.) Because the allegations in the amended complaint demonstrate that Cira's claims are untimely, the motion will be granted.

In deciding a motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts*, 817 F.3d at 564. In reviewing the sufficiency of Cira's allegations, the Court applies the notice pleading standard embraced by the Federal Rules of Civil Procedure. *Gravitt v. Mentor Worldwide, LLC*, 289 F. Supp. 3d 877, 884 (N.D. Ill. 2018) ("The federal standard of notice pleading applies, so long as the plaintiff alleges

---

[2] Neither party addresses the potential for express or implied federal preemption of Cira's claim. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 549 (7th Cir. 2010). The Court expresses no view on whether preemption applies.

facts sufficient to meet the . . . 'plausibility' standard applied in *Twombly* and *Iqbal*[.]") (citations omitted) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010)).

Boston Scientific first argues that Cira has not sufficiently alleged facts supporting a claim. In the amended complaint, Cira alleges that (1) some number of stents occupied his body, (2) Boston Scientific manufactured all stents in his body, (3) at least one stent had structural damage, and (4) one of the stents failed and caused him damage. (*See* ECF No. 13 at 2.) While Cira does not identify the specific type of Boston Scientific stent at issue, he has sufficiently alleged that one of its stents was the cause of his injury. *See Stents: Coronary*, Boston Scientific, https://www.bostonscientific.com/en-US/products/stents--coronary.html (last visited October 25, 2022). While not detailed, Cira need not do more at the pleading stage. Courts have recognized that "much of the product-specific information about manufacturing needed to investigate [defective manufacture of medical device] . . . claim[s] fully is kept confidential by federal law," *Bausch*, 630 F.3d at 558, and thus give plaintiffs "'the benefit of imagination so long as the hypotheses are consistent with the complaint.'" *Id.* (quoting *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). Cira's allegations are therefore pleaded with enough particularity to put Boston Scientific on notice. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Boston Scientific's second argument, however, challenging the timeliness of Cira's complaint, has merit. Boston Scientific correctly asserts that the applicable statute of limitations is three years, based on the limitations period for claims attempting to recover damages for injury to a person. Wis. Stat. §893.54(1m); (*See* ECF No. 15 at 4.) While this limitations period is subject to the discovery rule, Cira's invocation of that rule fails based on his own pleading.

Under Wisconsin's discovery rule, the statute of limitations does not begin to run until the date the injury is discovered or the date on which it should have been discovered "with reasonable diligence"—whichever occurs first. *Hansen v. A.H. Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983). Wisconsin law is clear, however, that this date is not "the date on which manifestations of the injury . . . first appear." *Borello v. United States Oil Co.*, 388 N.W.2d 140, 144–45 (Wis. 1986). It is the date on which the "*nature* of the injury was, or reasonably ought to have been, known to the claimant." *Id.* at 145 (emphasis in original). The "nature of the injury" is the date when a claimant discovers the nature of the injury and its cause. *Id.* at 144. Contrary to Cira's suggestion, this is not necessarily the same date that the claimant first figures out that the injury

might be legally actionable.  (*See* ECF No. 18 at 3); *Hansen*, 335 N.W.2d at 582 ("[A] claim cannot be enforced until the claimant discovers the injury and the accompanying right of action."); *Borello*, 388 N.W.2d at 144 ("[T]he discovery rule dictates that a cause of action does not accrue until the nature of the injury *and* the cause—or at least a relationship between the event and injury—is or ought to have been known to the claimant.") (emphasis in original).

Cira admits that he recognized the nature of the injury and its cause in either May or July 2018, making his October 2021 complaint at least three months too late.  More specifically, Cira alleges he "sustained serious injuries" caused by a defective stent *in May 2018*.  (ECF No. 13 at 2; ECF No. 18 at 3.)  He also admits he became "aware of the true damage caused by the failure of the stent" *in July 2018*.  (ECF No. 13 at 3.)  Consequently, Cira's allegations make his claim untimely.  (*Id.*); *see also Borello*, 388 N.W.2d at 144–45.  While it is likely the May 2018 date applies, even giving Cira the benefit of the doubt and using July 2018 as the date he discovered the nature of his injury, his claim is untimely.  Cira did not pursue this litigation until October 11, 2021.  (ECF No. 1 at 7.)  He thus commenced his lawsuit at least three months too late.

While "the statute of limitations is ordinarily an affirmative defense" requiring pleading under Fed. R. Civ. P. 8(c), "a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred."  *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).  Dismissing on statute of limitation grounds can be an "unusual step," because often affirmative defenses "turn on facts not before the court at that stage in the proceedings."  *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (internal citations omitted).  But where the allegations of the complaint "'set forth everything necessary to satisfy the affirmative defense,'" dismissal can be appropriate.  *Id.* (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)).  Here, as explained above, Cira's complaint sets forth everything necessary to confirm that his claim is time-barred.  Accordingly, the Court will grant Boston Scientific's motion and dismiss Cira's claim as time-barred under the statute of limitations.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss, (ECF No. 14), is **GRANTED** and that the plaintiff's complaint is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 25, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge